IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SANDRA SOHO,

        Plaintiff,

    v.

UNITED STATES OF AMERICA,
STATE OF OREGON, and DOES
1 through 10,

        Defendants.

Civil No. 07-3051-CO

ORDER TO PROCEED IN FORMA
PAUPERIS AND REPORT AND
RECOMMENDATION TO DISMISS

CLARKE, Magistrate Judge:

    IT IS ORDERED that the provisional *in forma pauperis* status given plaintiff is confirmed. However, for the reasons set forth below, plaintiff's complaint should be dismissed, without service of process, on the basis that plaintiff's claims are frivolous, and fail to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2).

Order and Report and Recommendation - Page 1

## BACKGROUND

Plaintiff Sandra Soho, proceeding pro se, has filed a complaint against the United States of America and the State of Oregon alleging claims based on illegal sex discrimination (Docket #2). Plaintiff seeks social security, medicare, and veteran's benefits from federal agencies, a hearing on her social security disability appeal, and a Class A Commercial Driver's License with an XT and Hazmat Endorsement from the State of Oregon. (Complaint at 8-9).

## STANDARDS

A complaint filed *in forma pauperis* may be dismissed before service of process if it is deemed frivolous under 28 U.S.C. § 1915(e) (1998). Neitzke v. Williams, 490 U.S. 319, 324 (1989) [former § 1915(d)]; Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989). A complaint is frivolous "where it lacks an arguable basis in law or in fact." Neitzke, 490 U.S. at 325; Lopez v. Dept. of Health Servs., 939 F.2d 881, 882 (9th Cir. 1991); Jackson, 885 F.2d at 640.

## DISCUSSION

Plaintiff has not alleged any basis for jurisdiction over her claims.

As a sovereign, the United States is immune from suit except as it consents to be sued. Canton v. United States, 495 F.2d 635, 637 (9th Cir. 1974). The terms of its consent to be sued in any court define the courts jurisdiction to entertain the suit. Id. The Federal Tort Claims Act (FTCA) constitutes a waiver of the United States sovereign immunity. Schunk v. United States, 783 F.Supp. 72 (E.D.N.Y. 1992). Therefore, the statutory requirements for pursuing a claim must be adhered to strictly. Id.

28 U.S.C. § 2675(a) reads in part:

An action shall not be instituted upon a claim against the United States for money damages for . . . personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

Before a plaintiff may bring a suit in federal court against the government under the FTCA, the plaintiff must present his claim to the appropriate federal agency within two years after the claim accrues. 28 U.S.C. §§ 2401(b) and 2675(a); See Canton, 495 F.2d at 638; See Schunk, 783 F.Supp. at 82. A claim is presented when the agency receives, from the claimant, an executed standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for personal injury alleged to have occurred by reason of the incident. Wardsworth v. United States, 721 F.2d 503, 505 (5th Cir. 1983). An action against the United States for money damages must be dismissed for lack of subject matter jurisdiction if a proper administrative claim has not been filed. Aliva v. Immigration and Naturalization service, 731 F.2d 616, 618 (9th Cir. 1984).

The agency has six months to make an administrative determination of the claim. 28 U.S.C. § 2675(a). Suit may begin when the agency denies the claim or has failed to act upon it within six months. Aliva, 731 F.2d at 618-619. If the agency denies the claim, an action must be commenced within six months of the date of the mailing of the notice of denial of the claim. Canton, 495 F.2d at 638. 28 U.S.C. § 2401(b). An action cannot be instituted for any sum in excess of the claim presented to the federal agency, except where the increased amount is based on newly discovered evidence or upon allegation and proof of intervening facts. See 28 U.S.C. § 2675(b).

Order and Report and Recommendation - Page 3

The Federal Tort Claims Act does not create an independent cause of action. <u>Winn v. United States</u>, 593 F.2d 855 (9th Cir. 1979). It only serves to waive federal immunity under circumstances where a private person would be liable for the same act or omission under state law. <u>Schwarder v. United States</u>, 974 F.2d 1118 (9th Cir. 1992). When dealing with a FTCA action, the federal court must look to the law of the place where the acts of negligence occurred. <u>Washington v. U.S.</u>, 769 F.2d 1436, 1437 (9th Cir. 1985).

Plaintiff fails to allege that she has satisfied any of the prerequisites for filing a suit against the United States. Therefore, her complaint should be dismissed with leave to file an amended complaint curing the deficiencies noted above.

The Eleventh Amendment bars a citizen from bringing suit in federal court against the citizen's own state, state agencies or departments regardless of the relief sought. <u>Welch v. Texas Department of Highways and Public Transportation</u>, 483 U.S. 468 (1987); <u>Pennhurst State School and Hosp. v. Halderman</u>, 465 U.S. 89, 100 (1984); <u>Alabama v. Pugh</u>, 438 U.S. 781 (1978); <u>Thiokol Corp. v. Department of Treasury, State of Michigan</u>, 987 F.2d 376, 381 (6th Cir. 1993)(citation omitted); <u>Austin v. State Industrial Insurance System</u>, 939 F.2d 676, 677 (9th Cir. 1991). A state's Eleventh Amendment immunity may be waived. <u>Actmedia, Inc. v. Stroh</u>, 830 F.2d 957 (9th Cir. 1986).

The test for finding a waiver is very stringent. <u>Atascadero State Hospital v. Scanlon</u>, 473 U.S. 234 (1985). The waiver or consent must be unequivocally expressed and must be stated by the most express language or by such overwhelming implications in the text as to leave no room for any other reasonable construction. <u>Id</u>; <u>Welch</u>, 483 U.S. at 473. (citation omitted). The Supreme Court has held that the enactment of 42 U.S.C. § 1983 was not intended to overcome a state's

Order and Report and Recommendation - Page 4

Eleventh Amendment immunity from suit. Edelman v. Jordan, 415 U.S. 651 (1974).

A state's constitutional interest in immunity encompasses not merely whether it may be sued, but where it may be sued. Pennhurst, 465 U.S. at 99. A general waiver of sovereign immunity, although sufficient to subject a state to suit in its own courts, is insufficient to waive a state's Eleventh Amendment immunity from suits in federal court. See Atascadero State Hospital v. Scanlon, 473 U.S. 234 (1985); Pennhurst, 465 U.S. at 99. Accordingly, the court finds that plaintiff's action against the State of Oregon has no basis in fact or law, and is frivolous under 28 U.S.C. § 1915(e). Any claims against the State of Oregon should be dismissed without leave to amend.

## RECOMMENDATION

Based on the foregoing, it is recommended that: 1) plaintiff's action be dismissed without prejudice; 2) plaintiff be allowed to file an amended complaint within thirty (30) days of the date of the District Judge's order either adopting, not adopting, or modifying this recommendation; and 3) plaintiff be advised that failure to file an amended complaint which cures the above noted defects will result in the dismissal of this proceeding, with prejudice.[1]

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. *Objections to this Report and Recommendation, if any, are due on August 23, 2007. If objections*

---

[1] Dismissal with prejudice refers to plaintiff's ability to file another action raising the same claim. See Denton v. Hernandez, 504 U.S. 25, 34 (1992).

Order and Report and Recommendation - Page 5

*are filed, any responses to the objections are due 14 days after the objections are filed*. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this ____9_____ day of August, 2007.

_____/s/_____

UNITED STATES MAGISTRATE JUDGE