FILED'08 JAN 14 12:49USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SANDRA SOHO,

                              Civ. No. 07-3051-CL

        Plaintiff,

    v.

                              **ORDER**

UNITED STATES OF AMERICA,
et al.,

        Defendants.

_____

**PANNER, District Judge:**

    Magistrate Judge Mark D. Clarke has filed a Report and
Recommendation, and the matter is now before this court. See 28
U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). Although plaintiff
has not filed objections, I have reviewed the legal principles *de
novo*. See Lorin Corp. v Goto & Co., Ltd., 700 F.2d 1202, 1206
(9th Cir. 1983).

    I find no error in the Report and Recommendation.
Accordingly, I ADOPT the Report and Recommendation.

/ / / /

/ / / /

1 - ORDER

## BACKGROUND

I take the following background statement from the allegations in plaintiff's pro se complaint. Plaintiff "is . . . a male to female sex change," and "is legally female and has all the correct female 'plumbing.'" Compl. ¶ 8. Plaintiff received an honorable discharge in 1971 from the United States Air Force. Id., Ex. C. Plaintiff was 64 years old when she filed the complaint in 2007.

Plaintiff is entitled to receive Social Security retirement, disability, and supplemental security income benefits, as well as Medicare and Veterans Administration benefits. However, she has not been receiving those benefits.

When plaintiff tried to determine why she was not receiving benefits, agency records concerning her applications "just [kept] disappearing from the files." Id. ¶ 7. "The mystery of the disappearing records was solved when agent Kent R. Zwicker of the Social Security Administration and two (2) State of Oregon employees informed the plaintiff that her applications for benefits were being removed from the files because she was a sex change and not entitled to any benefits." Id. ¶ 8.

The State of Oregon did not allow plaintiff to renew her valid Class A commercial driver's license, and instead issued plaintiff a Class C driver's license. Plaintiff was told that her records had been "adjusted" because plaintiff "wasn't allowed to have a Commercial Drivers License because she was a sex change and not entitled to it." Id. ¶ 31.

Plaintiff claims that the denial of benefits, and the failure to reissue the commercial driver's license, violated her civil rights.  Plaintiff seeks to recover the benefits that she claims are due her, as well as a Class A commercial driver's license.

**DISCUSSION**

For purposes of this order, I accept plaintiff's allegations as true.  I construe the pleadings of a pro se litigant more leniently than those drafted by a lawyer.  See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).  A pro se litigant should be given leave to amend her complaint unless it is absolutely clear that amendment cannot cure the deficiencies of the complaint. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).

## I.  Federal Claims

Plaintiff has not alleged a basis for this court's jurisdiction.  Federal Rule of Civil Procedure 8(a) requires that the complaint include "a short and plain statement of the grounds upon which the court's jurisdiction depends."

### A.  Claims for Social Security Benefits

In her first, second, fourth, and fifth claims, plaintiff alleges improper denials of Social Security benefits.  Claims seeking Social Security benefits, including claims based on allegations of illegal discrimination, must be brought under the Social Security Act, 42 U.S.C. § 405(g), naming the Commissioner as the defendant.  See Butler v. Apfel, 144 F.3d 622, 624 (9th Cir. 1998) (equal protection challenge to denial of Social Security benefits to prison inmates must be brought under § 405);

see also Schweiker v. Chilicky, 487 U.S. 412 (1988) (because
Social Security Act provided a comprehensive remedy, plaintiffs
were barred from seeking money damages based on claims that
denial of Social Security disability benefits violated
plaintiffs' Fifth Amendment rights).

   To obtain judicial review of the denial of Social Security
benefits under 42 U.S.C. § 405(g), plaintiff must show that (1)
she was party to an administrative hearing held by the
Commissioner; and that (2) the Commissioner has made a final
decision on her claim for benefits.  See McNatt v. Apfel, 201
F.3d 1084, 1087 (9th Cir. 2000); Bass v. Social Sec. Admin., 872
F.2d 832, 833 (9th Cir. 1988) (per curiam).  "A claimant's
failure to exhaust the procedures set forth in the Social
Security Act, 42 U.S.C. § 405(g), deprives the district court of
jurisdiction."  Bass, 872 F.2d at 833.

   Here, plaintiff has not alleged that she was party to an
administrative hearing held by the Commissioner, or that the
Commissioner has issued a final decision denying benefits.  If
those events have not occurred, this court lacks jurisdiction
over plaintiff's claims based on the alleged denial of Social
Security benefits.  Cf. id. (noting limited exceptions to
exhaustion requirement).

   B.  Claim for Veteran's Benefits

   Plaintiff alleges that the Department of Veterans Affairs
(VA) improperly denied benefits.  This court lacks jurisdiction
over the claim because Congress has created specialized courts
for reviewing denials of veteran's benefits, bypassing federal

district courts.  See In re Russell, 155 F.3d 1012, 1012 (8th
Cir. 1998) (per curiam) (denials of veteran's benefits reviewed
by VA Regional Office, with appeals heard first by the Board of
Veterans Appeals, then the Court of Appeals for Veterans Claims,
and then the Federal Circuit Court of Appeals).

　　Plaintiff alleges that she is not receiving veteran's
benefits because of unlawful discrimination.  However, courts "do
not acquire jurisdiction to hear challenges to [veteran's]
benefits determinations merely because those challenges are
cloaked in constitutional terms."  Sugrue v. Derwinski, 26 F.3d
8, 11 (2d Cir. 1994); Beamon v. Brown, 125 F.3d 965, 972 (6th
Cir. 1997) ("federal courts have held repeatedly that they lack
jurisdiction over constitutional challenges to VA benefits
decisions") (citations omitted).  Plaintiff's claim for the
denial of veteran's benefits must be dismissed without prejudice
for lack of subject matter jurisdiction.

## C.  Federal Tort Claims Act

　　The Report and Recommendation correctly states the
applicable law regarding the requirements for this court's
jurisdiction over claims against the United States under the
Federal Tort Claims Act.  I adopt the Report and Recommendation's
discussion of the requirements of the Federal Tort Claims Act.

## II.  Claim Against the State of Oregon and State Employees

　　Plaintiff claims that the State of Oregon violated her civil
rights when it refused to issue a commercial driver's license to
her.  Plaintiff alleges that she was arrested for an alleged
seatbelt violation in 2003, and that the arresting officer

confiscated her commercial driver's license.  When plaintiff
sought a new license, she was issued a class C operator's permit
instead of a commercial driver's license.  Plaintiff alleges that
two "State of Oregon employees" informed her that "her State of
Oregon Department of Motor Vehicles records had been 'adjusted'
and would be 'adjusted' again in the future as the plaintiff
wasn't allowed to have a Commercial Drivers License because she
was a sex change and not entitled to it."  Compl. ¶ 31.

### A.  Claims Under 42 U.S.C. § 1983

To bring a claim under 42 U.S.C. § 1983, plaintiff must show
that a person, acting under color of state law, deprived her of a
federal constitutional or statutory right.  Anderson v. Warner,
451 F.3d 1063, 1067 (9th Cir. 2006).  Here, plaintiff's
allegations that state employees refused to issue a commercial
driver's license because of her sex change could support an equal
protection claim under 42 U.S.C. § 1983, if plaintiff can show
"that the defendant acted in a discriminatory manner and that the
discrimination was intentional."  FDIC v. Henderson, 940 F.2d
465, 471 (9th Cir. 1991) (citations omitted).

Although federal pleading standards are lenient, plaintiff
must allege when the civil rights violations occurred, and
identify with as much specificity as possible the persons acting
under color of state law who allegedly violated her civil rights.
I adopt the Report and Recommendation's conclusion that as the
complaint now stands, the allegations are not sufficient to state
a claim.

/ / / /

6 - ORDER

In drafting an amended complaint, plaintiff should be aware that in Oregon, claims under 42 U.S.C. § 1983 are subject to a two-year statute of limitations.  See Or. Rev. Stat. § 12.110(1); Bibeau v. Pacific Northwest Research Foundation, Inc., 188 F.3d 1105, 1108 (9th Cir. 1999), amended on other grounds, 208 F.3d 831 (9th Cir. 2000).  Plaintiff filed her complaint in July 2007. The complaint alleges that plaintiff's commercial driver's license was seized in 2003, but does not allege when plaintiff was told that she was being denied a new commercial driver's license because of her sex change.

Under the "discovery rule," the statute of limitations begins to run when a plaintiff first learns of the "critical facts" of her injury.  Bibeau, 188 F.3d at 1108.  Here, the critical date for statute of limitations purposes is the day that plaintiff first knew, or reasonably should have known, that her civil rights had been violated.  If that day was more than two years before the filing of the complaint, plaintiff's § 1983 claim may be barred as untimely.

## B.  The State of Oregon Must Be Dismissed

Plaintiff names the State of Oregon as a defendant.  The Report and Recommendation correctly states that the State of Oregon is not a proper defendant.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989).  I dismiss plaintiff's claim against the State of Oregon with prejudice for failure to state a claim.

/ / / /

/ / / /

## CONCLUSION

Magistrate Judge Clarke's Report and Recommendation (#4) is adopted. Plaintiff's claim against the State of Oregon is dismissed with prejudice for failure to state a claim. Plaintiff's claim for veteran's benefits is dismissed without prejudice for lack of subject matter jurisdiction. The complaint (#2) is otherwise dismissed without prejudice for failure to state a claim. Plaintiff may file an amended complaint within 30 days from the date of this order. Failure to file an amended complaint that cures the defects noted in this order may result in dismissal of this action with prejudice.

IT IS SO ORDERED.

DATED this ___14___ day of January, 2008.

OWEN M. PANNER
U.S. DISTRICT JUDGE